UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

Kelly Junior-Donohue,

As individual Plaintiff and as representative of

Section 8 Enhanced Voucher Tenants or will

make up this Class Action litigation in Region II.                    COMPLAINT

                              Plaintiffs,

    -against-

The Honorable Marcia L. Fudge as Secretary of the United States Department

of Housing and Urban Development, Department of Housing,

Preservation & Development, an Agency of the City of New York,

Hudsonview Co., Multiple John Does and Jane Does

and XYZ Corps. and or LLC's to be

determined as part of the Landlord Class

to be determined now being set forth in this unknown form.

                              Defendants.

---

Plaintiff, Kelly Junior-Donohue files this complaint against defendant Hudsonview Co. and as representative of the Class of Section 8 Enhanced Voucher tenants who will make up this Class Action litigation in Region II by her Attorney, Robert A. Katz and alleges as follows:

1

## NATURE OF ACTION

1. Initially, this is a Class Action in equity to reference certain documents on behalf of the plaintiff, wherein this plaintiff who at all the times relevant in her capacity as then a Section 8 Enhanced Voucher tenant in a privatized building that left the Mitchell-Lama program.

2. The named defendant thus far, plaintiff names as the initial private landlord Hudsonview Co. who at all times relevant has pursued a Housing Court summary proceeding where defendant, Hudsonview Co. still seeks to collect from the plaintiff, Kelly Junior (now Kelly Junior-Donohue) retroactive monies even though at the very year of the inception of the proceeding *Hudsonview Co. v. Kelly Junior #65522/11* the plaintiff, a then Section 8 Enhanced Voucher tenant, had suffered an unconscionable increase in rent share due to a clerical error of HPD but still finds the landlord pursuing her for monies, even though at the she is no longer a tenant in the subject building since August 2014. Here is related the following circumstances:

> *Section 8 Enhanced Voucher tenant, Kelly Junior who was a resident at Hudsonview Co., 747 Tenth Avenue, New York, NY 10019 in the County of New York. She resided in apt. 13G a one-bedroom apartment. In her reply affidavit sworn to on March 23, 2022, she explains as follows: The landlord sued me based on my rent share of $2311.00 because HPD erred in the examination of my 2010 recertification. That error had I had the ability to pay the $2311.00 rent share at that time, would have put me paying rent over 75% of my income which would have been unconscionable. The error that HPD made, was somehow calculating my income for 2010 as if I had worked as a receptionist at Apollo Global Management for the full previous 12 months. In truth, I had only worked at Apollo Global Management for six months having been hired on July 19, 2010. It is based on that error, that the landlord institutes a non-payment proceeding against me. This led to my going to Court to try to explain this error. But the landlord's attorney would have none of it. He insisted that I had to pay my rent share of $2311.00 for each month of the 2011 recertification. To the best of my knowledge, the proceedings kept being adjourned by the landlord and I finally found an attorney, Robert A. Katz who hearing my story and after I showed him documents promptly contacted HPD and confirmed my plight in a letter to HPD. At that point, I am informed that HPD acknowledged the error. They corrected it prospectively by then reducing my rent share from $2311.00 to $1226.00 which was 53% of my annual income. However, because HPD refused to adjust retroactively the landlord's attorney continued to demand from me the $2311.00 rent share for the retroactive period of 2011. At that point, in the summer of 2011, my attorney and the landlord's*

> *attorney Mr. Levi, agreed to allow me to pay each month going forward as temporary use and occupancy, the sum of $1226.00 per month which I paid in two payments every month.*
>
> *I paid $413.00 at the beginning of each month and $813.00 at the end of each month. Each of these payments were made every month religiously, until I left the building in August 2014. My lawyer said that this was being temporary use and occupancy because even though after HPD had made the prospective adjustment, the landlord's attorney refused to terminate the case because he wanted me to pay the retroactive rent at the $2311.00 rate for the retroactive period and I refuse to do so.*

3. In addition to what is stated in paragraph 2 above, the plaintiff alleges and demonstrates as exemplative matters of unconscionability suffered at defendant Hudsonview Co. premises the following:

    A. In an affidavit filed by a New York City employee, one Evelyn Ruiz sworn to the 8th day of August 2011 said employee on behalf of the City of New York admits the following relative to a Section 8 Enhanced Voucher tenant at premises apartment 12H located at 747 Tenth Avenue, New York, NY 10019:

> *In 2006 when Ozerskaya's husband passed away, she experienced a 45% decrease in gross income. Accordingly, pursuant to HUD notice PIH 2001-41 (HA), HPD was required to recalculate Ozerskaya's enhanced voucher minimum rent by using the percentage of adjusted income Ozerskaya was paying on the date of Hudsonview conversion date which was greater than 30% of Ozerskaya's adjusted income. Thus, in accordance with HUD notice PIH 2001-41 (HA), HPD permanently set Ozerskaya's share of her contract rent to 60% of her monthly adjusted income (emphasis is that of undersigned) for the remainder of her participation in the Section 8 Enhanced Voucher program.*

    B. Look at Section 8 Enhanced Voucher tenant, Joan Stamper who in an affidavit of September 28, 2013 relates that she lives at premises apartment 34B located at 747 Tenth Avenue, New York, NY 10019. She states and describes herself as a 79-year-old African American woman who is "Receiving treatment for Cancer and Dysphagia for several years" (this

disorder effects the ability to swallow - See pg. 559 of Steadman's Medical Dictionary, 28th Ed. Published by Lippincott Williams and Wilkins, copyright 2009).

Where she pleads for merciful relief in the circumstances where HPD pronounces her rent share at 53% of her income. Here, is her plea:

> ***Out of the balance of my income, I have great problems finding healthy foods. I have to take care of my medical and drug needs regarding co-pays and other matters such as clothing and transportation. Often as not, I cannot make it and suffer deprivation of necessities to live.***

C. There is a Church, a stone's throw away from premises 747 Tenth Avenue, New York, NY 10019 named Sacred Heart of Jesus Church who provided an affidavit of one, Virgin Valentin on September 26, 2013. She, at that time ran the food pantry of the Church. In her affidavit, she explains:

> ***While I am under confidential restraints to identify those who come for food at our pantry, I can attest to the fact that approximately 26 people from 747 Tenth Avenue, New York, NY 10019 known as Hudson Terrace are known participants in the pantry program.***

4. In this complaint at paragraph 9 infra. Plaintiff recites to the Court the pertinent provision of what is called the HAP Agreement. At this point, plaintiff only wishes to point out to this Court that the intent of that provision was, at a time, that this Nation was in a severe economic downturn, was to protect the Section 8 Enhanced Voucher tenants' Class from depletion of necessary funds utilized to afford the Section 8 Enhanced Voucher subsidy which at relevant times to the periods complained of herein was in grave danger of being depleted and thus revocation of the Section 8 Enhanced Voucher program. This peril, was enlarged by the nature of the conduct of landlords such as, the exemplative landlord utilized in this complaint, Hudsonview Co. This peril was exhibited and exemplified by the fact that defendant HUD and defendant HPD were pursuing the subject program by forced relocation of Section 8 Enhanced Voucher tenants even though upon information and belief, there was no extra funds available for the forced relocation Section 8 Enhanced Voucher tenants. In the circumstances where a

4

Section 8 Enhanced Voucher tenant may have lost a husband or children may have moved away where in such happenstance the landlord sought to recover the apartment, further eating away the assets of the poor Section 8 Enhanced Voucher tenant. Again, in such circumstances, the defendant HPD ignored and offered no redress to such Section 8 Enhanced Voucher tenant.

5. Plaintiff, Kelly Junior-Donohue returns to this Court naming Housing Preservation and Development (HPD) as a defendant in the capacity as an agent of defendant Housing Urban and Development (HUD) within the boundaries of Region II of HUD, at this point, seeking no monetary relief as to these government defendants but only equitable and declaratory relief. Plaintiff now returns to this Court for the following reasons:

    A. It is undisputed that in *Junior v. The City of New York No. 12-CIV-3846 (PAC), 2013 WL 646464, at \*1 & n.1 (S.D.N.Y. Jan. 18, 2013)*, the Honorable Paul Crotty, a Judge of the Federal Court of the Southern District of New York, recognized that the Section 8 Enhanced Voucher tenants were paying, in some instances, between 40%-60% of their annual income. That Court while dismissing the case as to HUD, remanded the case to the New York County Supreme Court with the following instructions stating, as to remand:

> *…Plaintiffs remaining claim against the City defendant for alleged failure to inform plaintiff about details of the Section 8 program against Hudsonview Terrace Inc or reformation of their lease and the landlord counterclaim against plaintiffs may be amenable to the State Court jurisdiction.*

    B. Upon remand, the New York State Courts determined that the Section 8 Enhanced Voucher tenants had no legal standing to complain as to the charged Section 8 Enhanced Voucher rent share.

    C. Subsequent to the State of New York's determination and on March 29, 2019 while the Housing Court proceeding remained pending, the Hon. Jesse M. Furman, a Federal Judge of the Southern District of New York rendered a determination finding standing to complain as a Section 8 Enhanced Voucher tenant.

5

6.    Plaintiff, Kelly Junior-Donohue based upon the above cited ruling in *Rodriquez v. Carson,* 17-CV-4344 (JMF) which ruling cites in part, the authority of *Junior v. The City of New York supra*. made prompt application to the New York City Housing Court, said motion being dated April 30, 2019 but was not decided until June 20, 2022. On that date it was decided by the then Chief Administrative Judge, the Hon. Anne Katz there recognizing in her opinion that because Housing Court being one of limited jurisdiction and which is a court of most limited equitable jurisdiction there ruled in pertinent part as follows:

> *...Respondent's request for a stay of a trial in this proceeding arises out of a decision which came out of the Southern District of New York which was issued on March 29, 2019, six years after the decision of Judge Crotty discussed herein. See Rodriguez v. Carson, 17-CV-4344 (JMF). In Rodriguez, supra., the tenants, like respondent, were participants in the Enhanced Voucher Program. Also, like respondent, the tenants experienced a decrease in income and upon a subsequent increase in income, the tenants were required to pay more in rent than they would have had their income remained the same. In Rodriguez the court, in effect, overturned the decision issued by Judge Crotty and found that HUD's interpretation of section l43j(D), however long outstanding, was incorrect and that HUD had misconstrued congress' statutory scheme with regard to the Enhanced Voucher Program which resulted in harm to its recipients who experienced a substantial loss in income. The Rodriguez court held that HUD's interpretation was inconsistent with the plain language of the Housing Act and that HUD misread Section 1a37f(t)(I)(D) which sets forth a maximum rent payment for those tenants who experienced the loss of income, as though it imposed a minimum as well. The court found that HUD ignored the background statutory provisions that set forth rent obligations for all Enhanced Voucher recipients and that in misreading the statute, HUD incorrectly required tenants, in similar situations to respondent, to pay more that the statute requires. Based upon the decision in Rodriguez, supra. respondent's motion for a stay pursuant to CPLR sec. 2004, in order to obtain relief in the Supreme or Federal court under is granted...*
>
> *Based upon the decision in Rodriquez v. Carson, supra., the respondent's motion for a stay pursuant to CPLR sec. 2004 in order to obtain relief in the Supreme or Federal Court order is granted...*
> (dated June 20, 2022, see Ex-A, italics for emphasis).

7.    Now consistent with that Housing Court instruction, plaintiff herein now files this action, at the same time representing to this Court in this pleading, that a motion to remove the Housing Court proceeding to this Court will be filed in Housing Court.

## JURISDICTION

8. Plaintiff alleges jurisdiction before this Court as follows:

   A. Plaintiff comes to this Court seeking equitable affirmative remedy relative to the construction and application of the rights to be heard for relief as to unconscionability relative to the federal program and as it was applied to the Section 8 Enhanced Voucher tenant.

   B. Plaintiff herein now alleges a federal question as it now challenges the validity and authority of defendant HUD in it's enactment of PIH 2019-12 (HA) of HUD regulations (see Ex-B) on the grounds that it violates the scope of authority of the delegation for enactment of regulation wherein Congress placed the following restriction upon the Secretary of HUD in it's original enactment of the federal program as shown in 42 U.S.C. subdivision (f) sec. 1437 (f) of sub. div. (t) (1) (B) which reads in pertinent part:

   > *"…and any other limit prescribed by the Secretary, and any other reasonable limit prescribed by the Secretary except that a limit shall not be considered reasonable for purposes of this subparagraph if it adversely affects such assisted families".*

   C. This Court has already found jurisdiction to rule, as to substantive issues in the following cases:

   I. The three rulings in *Rodriquez v. Carson, 17-CV-4344 (JMF)* dated March 29, 2019, July 23, 2019, August 14, 2019. (see Ex-C)

   II. *Estavez v. Cosmopolitan, 2005, WL 316414G (E.D.N.Y.)*

   III. *Rivera v. Town of Huntington Housing Authority, 2012 WL 1185941 (E.D.N.Y.)*

9. Substantively, plaintiff now comes to this Court in the posture of seeking need for individual relief for reasons already recited and also as first representative of a Class Action consisting of Section 8 Enhanced Voucher tenants who within the context of the privatization of buildings in the Mitchel Lama program in New York State and Region II have suffered similar unconscionability and will seek similar reformation in equity and compensatory and punitive damages against landlords in terms of misconduct relative to manifest injustice suffered by the Section 8 Enhanced Voucher tenants as a Class Action of Declaratory Judgement within the authority of Rule 57 of the Federal Rules of Civil Procedure as to such misconduct or wrongs visited upon the tenants including, but not limited to misconduct, relative to **section 6 (d) of the HAP AGREEMENT** which reads:

> **DURING THE HAP CONTRACT TERM, THE RENT TO OWNER MAY NOT EXCEED THE RENT CHARGED BY THE OWNER OR COMPARABLE UNASSISTED UNITS IN THE PREMISES. THE OWNER MUST GIVE THE PHA ANY INFORMATION REQUESTED BY THE PHA ON RENTS CHARGED BY OWNER FOR OTHER UNITS IN THE PREMISES OR ELSEWHERE.**

### AS AND FOR A FIRST CLAIM

10. Plaintiff re-alleges and incorporates paragraphs 1 through 9 into this claim.

11. Plaintiff is Kelly Junior-Donohue at all times relevant is a citizen and resident of State of New York and was a holder of a Section 8 Enhanced Voucher relative to her residence at premises apartment 13G located at 747 Tenth Avenue, New York, NY 10019.

12. The first named defendant in this Class Action is the Honorable Marcia L. Fudge as Secretary of United States Department of Housing and Urban Development which agency is located in the District of Columbia, Washington, DC (herein after HUD).

13. The second named defendant in this Class Action is a Municipal Agency of the City of New York designated as Housing Preservation and Development (HPD) and alleged herein as agent of HUD relative to the Section 8 Enhanced Voucher program of the Government of the United States.

14. The third named defendant in this Class Action is named Hudsonview Co. who is the landlord of the apartment building premises located at 747 Tenth Avenue, New York, NY 10019 and upon information and belief is a domestic corporation of the State of New York.

15. Plaintiff alleges that the defendant HUD through it's agent HPD failed to protect the Section 8 Enhanced Voucher tenants in that these defendants failed to properly police and supervise the Section 8 Enhanced Voucher program to the detriment of the plaintiff and those she will represent in this Class Action, at all times relevant.

16. Independent, but conjunctive with paragraph 9 it is alleged that agent of HUD, HPD failed to disclose to the Section 8 Enhanced Voucher tenants or utilize the procedure of seeking waivers for that Class of the Section 8 Enhanced Voucher tenants who suffered years of unconscionable raises in rent share wherein such subject tenants were never apprised of the facts that HPD was obligated to seek such waivers before HUD and could have so applied for such relief under the HUD procedures.

17. Here, plaintiff individually and as representative of the Class Action where those that will fit this Class Action who have suffered from the bad acts as because of the misconduct of HPD now seek examination and reformation of their rent shares, retroactive to the registration date of privatization, or any date the Court would determine to be just and equitable in the attendant circumstances, as to any member of the Class taking into account the unjust enrichment realized by landlord's violation of sec. 6 (d) of the HAP Agreement if the landlord granted concessions to non-voucher tenants as a factor in the court's review of the Section 8 Enhanced Voucher tenants' rent share.

### AS AND FOR A SECOND CLAIM

18. Plaintiffs repeats and re-alleges paragraphs 1 through 17 as fully incorporated herein.

19. Plaintiff, here, now seeks a Declaratory Judgement and equitable finding and vacating of PIH 2019-12 (HA) the enacted cancellation utilizing the Court's power of equity to the effect that regulation was wrongfully enacted by HUD for the purpose of precluding retroactive relief in terms of

9

equitable adjustment as to the Section 8 Enhanced Voucher tenants' rent share who qualifies in this Class and plaintiff asserts violates the protection that was originally enacted by the Congress when it provided 42 U.S.C. subdivision (f) sec. 1437 (f) of sub. div. (t) (1) (B) which placed a mandate on the regulatory power on the HUD Secretary to wit and reads in pertinent part:

> *"…and any other limit prescribed by the Secretary, and any other reasonable limit prescribed by the Secretary except that a limit shall not be considered reasonable for purposes of this subparagraph if it adversely affects such assisted families".*
> **(Italics for emphasis)**

20. Here, plaintiff alleges that under the authority of *West Virginia v. EPTA, 597 U.S.-2022,* the HUD Secretary in the year 2019 violated the intent of Congress wherein Congress in the original enactment admonished and limited the regulatory powers of the Secretary by placing that limiting, protective, restrictive language in the aforestated statute to protect the Section 8 Enhanced Voucher tenants from having to ever pay an unconscionable rent share of their income. (See paragraph 19 *supra.*)

21. Within that context, plaintiff seeks a declaration voiding and negating the subject regulation as being enacted in violation of the Congressional intent and thus the regulation should be declared null and void and no longer a restriction on the legal and equitable powers of the Federal Court.

## AS AND FOR A THIRD CLAIM

22. Plaintiff repeats and re-alleges paragraphs 1 through 21 as fully incorporated herein.

23. To the extent that the Court finds Declaratory Judgement for relief of remedy to the plaintiff Class herein and there is a declaration to re-adjust the rent with retroactive remittance reflective of such adjustments of unconscionable rent share such monies should be paid by the respective landlords back to the respective plaintiffs in the Class as compensatory damages. Further, to the extent, the plaintiff, can exhibit and prove in this Declaratory Judgement action, misconduct of individual landlord defendants, i.e., violation of sec. 6 (d) of the HAP Agreement allowing the non-voucher tenants a

concession not reported to HPD or where defendant HPD ignored the violation there should be awarded by the Court punitive damages.

24. Plaintiff alleges that each of the Class as hereby pleaded are within the controversy requirement for a Declaratory Judgement and fit under Rule 57 of the Federal Rules of Civil Procedure.

25. Plaintiff in this Class action alleges that it's attorney, Robert A. Katz has sufficient knowledge and experience to protect the interest of the Class at both trial and appellate levels. Plaintiffs' attorney seeks award of attorney's fees to be fixed by the Court. Plaintiff as Kelly Junior-Donohue as representative of the Class seeks an award to be set by the Court.

## AS AND FOR A FOURTH CLAIM

26. Plaintiff alleges and incorporates paragraphs 1 to 25 into this claim for relief.

1. Plaintiff alleges that under Article 3 of the United States Constitution, that the Federal Court is vested with the power of equity.

27. Plaintiff alleges that Article 6 of the United States Constitution protects the application of a Federal statute wherein the Congress enacted a provision that provided protection for the Section 8 Enhanced Voucher program to protect and benefit those that are defined and described as intended members of the subject protected Class.

28. That at all times relevant, the defendant HUD authorized the defendant HPD to protect the plaintiff Section 8 Enhanced Voucher tenant or other government agencies in Region II from the formula of tenant rent share becoming unconscionable in the particular circumstance of each member of the Class. This was recognized by United States District Court, Judge Furman in the first ruling in *Rodriquez v. Carson* dated March 29, 2019 wherein that Court set forth the following footnote 4 which reads:

> ***HUD IS AUTHORIZED TO WAIVE "HANDBOOK PROVISIONS" LIKE THE 2001 NOTICE'S INTERPRETATION OF SECTION 1437F(T). SEE 42 U.S.C. § 3535(Q)(4); 24 C.F.R. § 5.110; DOCKET NO. 77 ("FED. DEFS.' MEM."), AT 8. HUD'S PROCEDURES FOR ISSUING SUCH "GOOD-CAUSE WAIVERS" DIRECT LOCAL HOUSING***

*AUTHORITIES LIKE HPD TO INITIATE THE REQUESTS; AS THE FEDERAL DEFENDANTS EXPLAIN IN THEIR BRIEF, THEY HAVE TAKEN THE POSITION IN THIS LITIGATION THAT IF HPD WERE TO CONFIRM THE FACTS ALLEGED IN THE AMENDED COMPLAINT AND SEEK GOOD-CAUSE WAIVERS ON PLAINTIFFS' BEHALF, SUCH WAIVERS WOULD BE FORTHCOMING, MEANING THAT PLAINTIFFS WOULD BE RESTORED TO THE POSITION THEY WOULD HAVE BEEN ABSENT THE INTERVENING "SIGNIFICANT" DECLINE IN INCOME. SEE FED. DEFS.' MEM. 8. NEEDLESS TO SAY, HPD HAS NOT SOUGHT SUCH WAIVERS HERE, AND INDEED, "HAS NEVER SOUGHT ONE FOR AN ENHANCED VOUCHER HOLDER." DOCKET NO. 90, AT 2. IN ANY EVENT, IN LIGHT OF THE COURT'S RESOLUTION OF THIS CASE ON STATUTORY GROUNDS, THE COURT NEED NOT AND DOES NOT ADDRESS PLAINTIFFS' CONTENTION THAT HPD'S REFUSAL TO SEEK GOOD-CAUSE WAIVERS CONSTITUTES AN EQUAL PROTECTION VIOLATION.*

(Italics for emphasis, supra. Ex-C first opinion).

29. Within the context of the above, Plaintiff seeks a declaration of a finding of misconduct as to defendant HPD as agent of defendant HUD in failing to disclose to the Plaintiff and anyone in the Plaintiff Class that in the appropriate case defendant HPD had the obligation to protect a Section 8 Enhanced Voucher tenant from an unconscionable rent share by seeking a waiver to appropriately adjust a rent share before defendant HUD.

30. Plaintiff as representative of the Class seeks that the Federal District Court frame an equitable remedy directing that defendant HUD and or agent defendant HPD or any other agent of HUD supervising the Section 8 Enhanced Voucher program in Region II directing said agent of HUD to examine and assure the following in its supervision: (a). That defendant HUD and defendant HPD and any other agent as aforedescribed, be directed to inform in writing any Section 8 Enhanced Voucher tenant of the right to have defendant HUD grant a waiver for good cause by requesting an application to be provided by said defendant HPD to said Section 8 Enhanced Voucher tenant who would be an appropriate member of this Class. (b). A declaratory finding that refusal for such agent and defendant HUD to present such application on behalf of the Section 8 Enhanced Voucher tenant in circumstances where a Court of equity would find an unconscionable rent share if that defendant agent fails to seek such relief, this Federal Court of equity must provide and fashion a procedure for judicial review as to

the merits of such application. (c). Plaintiff alleges that if such procedure for review before defendant HUD is not provided for, there would be a violation of equal protection of law under the 14th Amendment to the United States Constitution.

      31.    Consistent with the above, the Court is requested as to this claim for relief that at any time a defendant such as defendant HPD or any other agency supervising Section 8 Enhanced Voucher tenants issues any order increasing the rent share, that order can only be valid if it is accompanied by notice to the tenant that should be fashioned by defendant HUD of the tenant's rights to administrative and judicial review in compliance with the right to due process of law and equal protection of law as provided for in the 14th Amendment to the United States Constitution and in New York State Article 1 Section 6 of the New York State Constitution.

Wherefor, plaintiff requests relief as follows:

      A.    On the first claim, plaintiff in this Class action seeks the relief of a declaration that recognizes and declares judgement and finding that the plaintiff Class had suffered injuries and damages because defendant HPD as agent of HUD failed to protect the Section 8 Enhanced Voucher tenants who make up this Class. In the privatization programs defendant HPD failed to properly explain the protective rights of the Section 8 Enhanced Voucher tenants in these circumstances where the rent share of said tenant reached an amount that became unconscionable (see *Rodriquez v. Carson, 17-CV-4344 (JMF)* dated March 29, 2019).

      B.    As for the second claim, the plaintiff as a Class seeks for the Court to issue a Declaratory Judgement and finding to the effect that PIH 2019-12 (HA) of HUD regulations was wrongfully enacted to the extent that it is a regulation enacted by defendant HUD in violation of the restrictive qualifying mandate that Congress placed upon the Secretary of HUD and therefore said regulation should be vacated as null and void (See paragraph 19 *supra*).

C.  As for the third claim, the plaintiff as a Class seeks declaratory relief and cohesive relief to the extent that as to government defendants proper adjustment as to any Section 8 Enhanced Voucher Tenant who has suffered unconscionability because of the misconduct of the government defendants and monetary, compensatory, and punitive damages if there is a declaration of misconduct against any private landlord that fits in this Class and wrongfully received Section 8 Enhanced Voucher monies.

D.  As for the fourth claim, the plaintiff as a Class, seeks the equitable relief of this Court, in directing that at any time defendant HUD or defendant HPD or any other government agency that supervises Section 8 Enhanced Voucher tenants in Region II, issue an order raising the rent on such tenant, a notice that is satisfactory to the Federal Court, wherein a Section 8 Enhanced Voucher Tenant of this Class upon receiving such notice shall have attached or included in such notice information disclosing a procedure for such tenant to file for administrative and judicial review in compliance with due process of law and equal protection of law, as provided for in the 14th Amendment of the United States Constitution and Article 1 Section 6 of the New York State Constitution, so that there can be effective administrative and judicial review as to any complaint of unconscionability or irregularity relative to the subject tenant's rent share.

E.  To the extent that the Court finds misconduct of any defendant landlord and declares any such landlord to have committed misconduct in reporting to the defendant HPD and the defendant HUD, the plaintiffs Class seeks compensatory and punitive damages against such landlord particularly if there is a finding against by such defendant landlord of a violation of sec. 6 (d) of the HAP Agreement or any other misconduct that prejudiced the rights of the Section 8 Enhanced Voucher tenants as to this Class.

F.  Plaintiffs as a Class names Kelly Junior-Donohue as it's representative and seeks an award for her service as such representative.

    G. Plaintiff seeks an award for attorney's fees as to be set by the Court for Robert A. Katz, Esq. in these circumstances.

    H. Plaintiff as a Class seeks such other and further relief as this Court shall deem proper in the circumstances including requesting the Court to appoint a Special Master to examine the necessary records and to aid in the adjustment of the rent share of any members of the Class wherein a Court of equity should find the percentage paid of income as rent share by the respective Section 8 Enhanced Voucher tenants of this Class to be unconscionable and or a manifest injustice.

Dated: Queen County, New York
   January 26, 2023

Respectfully Submitted,

_____
Robert A. Katz
Attorney for Plaintiff
137-82 70th Avenue
Ground Floor
Flushing, NY 11367

Phone: 718.268.1922