UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                       :
KELLY JUNIOR-DONOHUE AS                                :
INDIVIDUAL PLAINTIFF AND AS                            :
REPRESENTATIVE OF SECTION 8                            :
ENHANCED VOUCHER TENANTS OR                            :            23-CV-2474 (VSB)
WILL MAKE UP THIS CLASS ACTION                         :
LITIGATION IN REGION II,                               :          **OPINION & ORDER**
                                                       :
                               Plaintiff,              :
                                                       :
                      -against-                        :
                                                       :
THE HON. MARCIA L. FUDGE AS                            :
SECRETARY OF THE UNITED STATES                         :
DEPARTMENT OF HOUSING AND URBAN                        :
DEVELOPMENT, et. al.,                                  :
                                                       :
                               Defendants.             :
                                                       :
-------------------------------------------------------- X

Appearances:

Robert A. Katz
Law Office of Robert A. Katz
Flushing, New York
*Counsel for Plaintiff*

VERNON S. BRODERICK, United States District Judge:

  Kelly Junior Donohue ("Plaintiff") moves for an extension of time to serve her complaint

pursuant to Fed. R. Civ. P. 4(m).  (Doc. 5.)  Because Plaintiff fails to show good cause or

demonstrate that it is an appropriate use of my discretion to extend the deadlines for service,

Plaintiff's motion for an extension of time to serve her complaint is DENIED.  Accordingly, this

case is DISMISSED without prejudice.

I.    **Background**

Plaintiff filed this putative class action on March 23, 2023.  (Doc. 1.)  Defendants are the Honorable Marcia L. Fudge in her capacity as Secretary of the Department of Housing and Urban Development ("HUD"), the New York City Department of Housing Preservation and Development ("HPD") (together the "Government Defendants"), (*id.* ¶¶ 12–13), Hudsonview Co., a New York corporation ("Hudsonview"), (*id.* ¶ 14), and several John and Jane Does named in the case caption but not identified in the complaint, (*id.* 1.)

To date, no summonses have been issued and no proofs of service have been filed.  On June 30, 2023, I ordered Plaintiff to submit a letter demonstrating good cause why this action should not be dismissed pursuant to Fed. R. Civ. P. 4(m).  (Doc. 4.)  Plaintiff filed that letter (the "Cause Letter") on July 12, 2023.  (Doc. 5.)  In that letter, Plaintiff asserts that Hudsonview is responsible for the failure of service because its attorney would not provide an address for service of process.  (*Id.* 1.)  Plaintiff explains that the Government Defendants were not served "because without having [Hudsonview] served it was clear this case could not go forward." (*Id.* 2.)

The remaining portions of the Cause Letter primarily contain assertions related to the merits of this case.  (*Id.* 1–3.)  A single paragraph at the end indicates that Plaintiff's counsel faces the lingering effects of COVID-19.  However, the letter does not explain what relationship this has to Plaintiff's inability serve Defendants.  Plaintiff's letter also does not propose a date certain for service, instead requesting leave for "an effective period by which summons can be served."  (*Id.* 1.)

## II.   **Legal Standards**

Fed. R. Civ. 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  However, "the court must extend the time for service for an appropriate period" if a plaintiff shows good cause.  *Id.*

"Good cause to excuse a failure to effect service exists only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control."  *Benites v. New York Dep't of Corr. & Cmty. Supervision*, No. 21-CV-06863 (CM), 2023 WL 1966181, at *2 (S.D.N.Y. Feb. 13, 2023) (cleaned up).  "A party seeking a good cause extension bears a heavy burden of proof."  *Williams v. Vaccaro*, No. 119CV03548CMSDA, 2022 WL 2179726, at *3 (S.D.N.Y. June 1, 2022) (internal quotation marks omitted).  "An attorney's inadvertence, neglect or mistake is not good cause."  *Benites*, 2023 WL 1966181, at *2.

 "A district court may [also] grant an extension in the absence of good cause, but it is not required to do so."  *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007).  In considering whether to grant such an extension, "courts typically consider four factors:  (1) whether the applicable statute of limitations would bar [a] refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision."  *Benites*, 2023 WL 1966181, at *2 (internal quotation marks omitted).

### III.   Discussion

Plaintiff's complaint was filed on March 23, 2023.  (Doc. 1.)  The 90-day window to serve Defendants thus elapsed on June 21, 2023.   *See* Fed. R. Civ. P. 4(m).  The only question is therefore whether good cause exists to extend the time for service or, absent good cause, whether it is a proper use of discretion to extend the period for service absent good cause.  I do not find grounds to extend the time for service under either standard.

### A.   *Extension for Good Cause Shown*

I do not find good cause to extend the time for service.  The Cause Letter does not address the good cause standard or the applicable law governing an extension of time to serve the case under Fed R. Civ. P. 4(m).  (*See generally* Doc. 5.)  Moreover, Plaintiff's conduct does not suggest that the delays in service resulted from "exceptional circumstances."  *Benites*, 2023 WL 1966181, at *2.  The failure to even request a summons weighs against finding good cause.  *See, e.g.*, *El v. Oakwood Annapolis Hosp.*, No. 17-CV-10740, 2017 WL 4570832, at *1 (E.D. Mich. June 21, 2017) (finding that good cause for an extension was not present where, among other issues, "plaintiff failed to request summons."); *Sweigert v. Cable News Network, Inc.*, No. 20-CV-12933, 2022 WL 842322, at *4 (E.D. Mich. Mar. 21, 2022), appeal dismissed, No. 22-1226, 2022 WL 2203530 (6th Cir. May 26, 2022) (finding that plaintiff failed to show good cause where, among other deficiencies, he "failed to request a summons until roughly eight months after filing his Complaint.").

Furthermore, Plaintiff chose to disregard Fed. R. Civ. P. 4(m)'s service deadline for the Government Defendants on the grounds that the case could not go forward without service on Hudsonview.  (Doc. 5 at 2.)  However, even if Hudsonview is a necessary party, Plaintiff does not explain why it was not practicable to at least serve the Government Defendants or request a

summons for them within the 90-day deadline and then address difficulties with serving Hudsonview after.

Plaintiff does not show good cause for the failure to serve Hudsonview either.  She reports that this delay in service is because of Hudsonview's attorney's refusal to provide a location for service.  (*Id.* 1–2.)  In support, she supplies an email exchange in which counsel for Hudsonview states that he is not authorized to release his client's address or accept process. (Doc. 5-3.)  The law is clear that an attorney not authorized to accept service for his client may properly decline to accept service of process given that "service of process on an attorney not authorized to accept service for his client is ineffective."  *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990).  Moreover, while opposing counsel's refusal to provide an address for service may or may not represent questionable litigation practice, ultimately, it is "the responsibility of [a plaintiff's] attorney—and not the Court or Defendants—to ensure that all Defendants were properly served."  *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 420 (S.D.N.Y. 2013).  In addition, here, the last email in that exchange is dated April 3, 2023, (*id.* 3), so Plaintiff had almost three months after this conversation to find another means for service.

It appears, moreover, that there are numerous options Plaintiff might have pursued to attempt service and demonstrate diligent service efforts.  For example, Plaintiff alleges that Hudsonview is a New York domestic corporation.  (Doc. 1 ¶ 14.)  Given this, one might expect Plaintiff to attempt service through the New York Secretary of State, since domestic corporations, limited liability companies, and limited liability partnerships must designate the Secretary of State as an agent for service of process.  N.Y. Bus. Corp. Law § 304(a) ("The secretary of state shall be the agent of every domestic corporation and every authorized foreign

corporation upon whom process against the corporation may be served."); N.Y. Limit Liab Co §
301(a) ("The secretary of state shall be the agent of every domestic limited liability company that
has filed with the department of state articles of organization making such designation."); N.Y.
P'ship Law § 121-104(a) ("The secretary of state shall be the agent for every domestic limited
partnership which has filed with the secretary of state a certificate making such designation").  A
search of the New York Department of State's Corporation and Business Entity Database at
https://apps.dos.ny.gov/publicInquiry/ for either "Hudsonview Company" or "Hudsonview" also
reveals that an entity called "Hudsonview Company I LP" is an active registered domestic
limited liability partnership and lists the address to which the secretary of state shall mail
process.

Alternatively, HPD maintains a building registry (the "HPD Registry") with building
ownership information at https://hpdonline.nyc.gov/hpdonline/.  Plaintiff alleges that
Hudsonview is the owner of 747 Tenth Avenue, New York, New York 10019.  (Doc. 1 ¶ 14.)
As of July 13, 2023, providing that address to the HPD Registry indicates that the owner of the
building is a "Hudsonview Company I LP."  The HPD Registry also provides an address for
Hudsonview Company I LP.  *See* HPD Registry at
https://hpdonline.nyc.gov/hpdonline/building/5164/overview (last visited Aug. 1, 2023).
Although I understand that there may be complications with these options not apparent from this
review of available public databases, here, Plaintiff's only apparent efforts to achieve service on
Hudsonview occurred in a June 23, 2023 motion in New York Housing Court to have that court
aid her in serving process.  (Doc. 5-2 at 2–6.)  The existence of numerous apparent avenues for
achieving service and the paucity of counsel's efforts to use them does not suggest good cause

for an extension.[1]

Finally, although Plaintiff's counsel briefly mentions that his capabilities are limited because of consequences from COVID-19, (Doc. 5 at 3), he does not explain how these health challenges prevented him from either achieving service or enlisting aid in doing so within 90 days. Without more detail, this general assertion cannot meet the burden of proof required by the good cause standard. *See, e.g.*, *Esqueda v. NYU Langone Hosps.*, No. 20-CV-6697 (VSB), 2021 WL 4340731, at *2 (S.D.N.Y. Sept. 23, 2021) ("Plaintiff attempts to demonstrate good cause through various assertions about timing and circumstances, but he does not actually explain why or how the specters he invokes were relevant to his failures with service in this case. For example, he discusses how the omnipresent 'COVID-19 Pandemic' has made life more complicated . . . but he never says how the pandemic disabled him from effecting service, having process issued, or hiring a process server.") Accordingly, I do not find good cause to extend the time for service.

### B. *Extension in the Absence of Good Cause*

Extending this deadline would be an improvident use of discretion given the four factors I must consider. I first consider if the applicable statute of limitations would bar this action if refiled. *Benites*, 2023 WL 1966181, at *2. "Courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." *Purzak v. Long Island Hous. Servs., Inc.*, No. 12-CV-1747, 2013 WL 5202711, at *5 (E.D.N.Y. Sept. 13, 2013) (internal quotation marks omitted). Here, Plaintiff does not address this question in the Cause Letter. (*See generally* Doc. 5.) The complaint describes this action as

---

[1] In conducting these searches, I am not claiming to have correctly identified Defendant Hudsonview or a suitable address for service. I merely point out that there are means available and designed to allow individuals to identify and serve New York corporate entities, or at minimum to show that a plaintiff has invested a modicum of diligence in attempting to serve a defendant.

"a Class Action in equity," (Doc. 1 ¶ 1), but does not reference the statute providing Plaintiff's private right of action; therefore, I cannot infer the appropriate statute of limitations from the complaint either.  Absent any evidence that some applicable statute of limitations would bar Plaintiff from refiling this action, this factor does not favor Plaintiff.

The second factor, actual notice of the claims asserted, *Benites*, 2023 WL 1966181, at *2, only slightly favors Plaintiff and only as to Hudsonview.  There is no argument that the Government Defendants have actual notice of this action, nor would this argument be reasonable given that Plaintiff admits to making no effort to serve them.  Conversely, there is reason to believe that Hudsonview would have notice of this suit.  Hudsonview's counsel is in communication with Plaintiff, (Doc. 5-3), and Plaintiff has noticed this case in a separate action against Hudsonview in state court, (Doc. 5-2 at 2).  Therefore, this factor weighs somewhat in Plaintiff's favor as to Hudsonview, but not as to other Defendants.

The third factor, "whether the defendant had attempted to conceal the defect in service," *Benites*, 2023 WL 1966181, at *2, favors Defendants.  No defendant has attempted to conceal service defects.  The Government Defendants have not been served so there can be no defects as to them.  Hudsonview, based upon its counsel's email, is apparently refusing to aid in service, but this does not amount to concealment, and indeed, the failure to take any steps to address this weighs against Plaintiff.  *See, e.g.*, *id.* at *5 ("Plaintiff's counsel was well aware service had been refused by DOCCS counsel.  That no effort was made to cure this problem was strictly the result of law office failure – not any acts of concealment by Defendants.")

Finally, the fourth factor, prejudice to defendants, *Benites*, 2023 WL 1966181, at *2, favors Defendants.  "[T]he self-evident purpose of Rule 4(m) is to speed litigation and to discourage haphazard and delayed service."  *Benites*, 2023 WL 1966181, at *5 (internal

quotation marks omitted).  "Indeed, the time period to effect service was reduced in 2015 from 120 days to 90 days to reduce delay at the beginning of litigation."  *Vaccaro*, 2022 WL 2179726, at *6 (internal quotation marks omitted).  Despite this, Plaintiff offers no indication concerning when service will be achieved.  She has not requested a specific timeframe in which to effect service, only "an effective period," (Doc. 5 at 1), and has not requested summonses for any Defendants despite the fact that Fed. R. Civ. P. 4(c)(1) requires a summons to be served with a copy of the complaint.  This is the kind of delayed and haphazard service Fed. R. Civ. P. 4(m) is meant to prevent.

Moreover, the specter of prejudice to Defendants from delays in service compound the challenges of defending the action because of the passage of time.  *See, e.g.*, *Khanukayev v. City of New York*, No. 09 CIV. 6175 CM GWG, 2011 WL 5531496, at *4 (S.D.N.Y. Nov. 15, 2011) ("As to prejudice to the defendants, the Court's decision is informed by the fact that the 39 individual police officers, if required to defend this action, will be called upon to recall 44 summonses they issued many years ago.")  As described by Plaintiff, the events giving rise to this case began with a state housing court case in 2011 and Plaintiff has not even lived in the property at issue in this case since 2014.  (Doc. 5 at 2.)  I appreciate that there is an ongoing state housing court case against Plaintiff stemming from these events.  However, the fact remains that Plaintiff's failure to effect service or even offer a concrete timeline for service delays and prejudices Defendants in a case where the central events took place more than a decade ago. *See, e.g.*, *Georgiadis v. First Bos. Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade.  Given the age of this case, that problem probably is severe already.  The additional delay that plaintiff has caused here can only make matters worse.").

Thus, the only factor that might marginally be in Plaintiff's favor is the fact that Hudsonview likely has notice of this case.  Conversely, all Defendants are prejudiced by this delay in service, none have attempted to conceal defects in service, and Plaintiff has offered no evidence that she will be barred from refiling this action.

In addition, "in the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect." *Zapata*, 502 F.3d at 198.  Thus, courts have also considered the failure to seek an extension or otherwise proactively address service issues with the court prior to the 90-day deadline as a factor weighing against granting an extension in determining whether to exercise its discretion to extend the service period.  *See, e.g.*, *Herrera v. Manna 2nd Ave. LLC*, No. 20CV11026GHWKHP, 2021 WL 5235142, at *3 (S.D.N.Y. Oct. 22, 2021) ("Plaintiffs' counsel's inadvertence to not request leave to file a waiver of service or an extension of time to serve . . . until after the ninety-day deadline had already passed . . . Nor does counsel provide any colorable excuse for this neglect.").

In addition, "the fact that plaintiff [is] not proceeding pro se, but [is] represented by a licensed attorney, favors denial of the motion [for an extension]," *Benites*, 2023 WL 1966181, at *5, because it is "incumbent on that attorney to protect plaintiff's rights by seeing to it that the complaint was properly served in a timely manner. To the extent that that was not done, the fault lies not with the defendants or with the Court, but with plaintiff's counsel." *Carl v. City of Yonkers*, No. 04 CIV. 7031 (SCR), 2008 WL 5272722, at *7 (S.D.N.Y. Dec. 18, 2008), aff'd, 348 F. App'x 599 (2d Cir. 2009).

I cannot overlook the fact that Plaintiff, proceeding with counsel, made a conscious decision not to serve, or even attempt to serve, the Government Defendants, and did not attempt, or explain why it was not possible, to serve Hudsonview without opposing counsel's aid.  These

failures are notable given that, as alleged, Hudsonview is a New York domestic corporation, and can be served through the Secretary of State.  Nor can I overlook the other deficiencies in counsel's diligence, including counsel's failure to request summonses required for service under Fed. R. Civ. P. 4(c)(1).  Furthermore, the Fed. R. Civ. P. 4(m) 90-day deadline passed without any extension requests from counsel, and indeed without any filing from counsel at all until after my order directing an explanation from Plaintiff.[2]

"Though leniency may sometimes be appropriate for those who have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger."  *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 448 (S.D.N.Y. 2016) (cleaned up).  Given this and my review of the factors already discussed, granting an extension of time would be an improvident exercise of discretion.

---

[2] I understand through my staff that counsel for Plaintiff made several calls to chambers suggesting difficulties with using the Court's filing system and indicating that he intended to address the service issues in this case.  These ex parte, off-the-record conversations, however, are not a substitute for seeking relief through a motion filed with the court, particularly given that 90 days is more than ample time to address whatever technical issues counsel may have had with the court filing system.  Moreover, issues with the court's docketing system are not themselves compelling reasons to grant an extension, particularly when counsel proffers no evidence that they have done anything to address those issues.  *See, e.g.*, *Esqueda v. NYU Langone Hosps.*, No. 20-CV-6697 (VSB), 2021 WL 4340731, at *2 (S.D.N.Y. Sept. 23, 2021) (finding no good cause where counsel took no apparent steps to remediate technical issues with the court's filing system).

IV.   <u>**Conclusion**</u>

As I find that Plaintiff failed to show good cause to extend the time for service and that extending this time would be an improvident use of discretion, Plaintiff's motion for an extension of time to serve her complaint is DENIED, and Plaintiff's complaint is DISMISSED without prejudice for failure to serve pursuant to Fed. R. Civ. P. 4(m).

SO ORDERED.

Dated:     August 10, 2023
           New York, New York

_____
VERNON S. BRODERICK
United States District Judge

12